IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CV168 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | JUDGMENT AND DECREE OF FORECLOSURE |
| MARGLE R. UPSON, et al., | ) ) | AND ORDER OF SALE |
| Defendants. | ) | |

This matter is before the Court for determination upon the Complaint filed by the Plaintiff, United States of America.  The Plaintiff appears by and through its attorneys, Joe W. Stecher, United States Attorney for the District of Nebraska, and Robert L. Homan, Assistant United States Attorney for the District.  The Defendants Margle R. Upson, Janice M. Upson, and First National Bank of Holdrege, failed to answer or otherwise appear or plead to the allegations contained in the Complaint and the Defendants are in default in this action.

The Court, having examined the record of these proceedings, and having been fully advised in the premises, makes the following findings.  The Court has jurisdiction of these proceedings pursuant to 28 U.S.C. § 1345, and due and legal notice of the pendency of this action has been given.  The Court has acquired jurisdiction of all the parties.

Each and all of the allegations of Plaintiff's Complaint are taken as true, and the Plaintiff is entitled to a Decree of Foreclosure in rem, in part, and an Order of Sale as prayed.  The premises herein described will sell to the best advantage in one entire tract.

There is due and owing to the Plaintiff as of July 24, 2007, the principal sum of $52,040.81, plus accrued interest in the amount of $9,960.70, together with interest accruing at the rate of $12.7090 per day from July 24, 2007, until the date of entry of this

decree. Interest will accrue on the sums from and after the date of entry of this decree at the legal rate of 4.15 % computed daily and compounded annually until paid in full. The amount due Plaintiff as stated herein is the first lien on the following described real estate in Phelps County, Nebraska, to-wit:

> A tract of land in the Northwest Quarter (NW 1/4) of Section Eighteen (18), Township Five (5) North, Range Nineteen (19), West of the 6th P.M., Phelps County, Nebraska, more particularly described as follows:  Starting at a point on the East line of the quarter which is 1402.5 feet south from the Northeast corner of the quarter, thence West on a line parallel with the North line of the quarter a distance of 696 feet, thence South on a line parallel with the East line of the quarter a distance of 313 feet, thence East on a line parallel with the North line of the quarter, a distance of 696 feet to the East line of the quarter, thence North on the East line of the quarter a distance of 313 feet to the point of beginning, containing 5 acres, more or less, and subject to public roads and easements of record.

Based on these findings,

IT IS ORDERED, ADJUDGED AND DECREED:

1. The Plaintiff's Motion for Default Judgment (Filing No. 10) is granted;

2. Judgment should be and hereby is entered against defendants Margle R. Upson, Janice M. Upson, and First National Bank of Holdrege, and if the judgment against Margle R. Upson and Janice M. Upson is not wholly satisfied out of the proceeds of the sales, Plaintiff shall have judgment against Margle R. Upson and Janice M. Upson for such deficiency as may exist after crediting such proceeds together with interest thereon at the legal judgment rate;

3. The above and foregoing findings are made a part of this decree and order by this reference;

4. If the costs as indicated below and the several amounts above found due and interest thereon be not paid within twenty (20) days from the date of this judgment and decree, then all equity of redemption in the premises will be foreclosed and the premises will be sold as upon execution in one entire tract;

5. The Plaintiff shall apply for and the Clerk of the United States District Court shall issue an Order of Sale;

6. The United States Marshal for the District of Nebraska shall thereupon advertise and sell, according to law, the aforementioned property;

7. As upon execution, the United States Marshal shall report his proceedings under this Decree and Order to this Court and shall deposit the proceeds of the sale, if any, into the Registry of the Court;

8. Upon confirmation of the sale, the Clerk shall apply the proceeds as follows:
    a. First, to the payment of the costs of the Plaintiff, and to the United States Marshal for service of Summons and Complaint and execution of Order of Sale;
    b. Second, to the payment of the amount found due the Plaintiff with interest thereupon according to law;
    c. Third, to the payment of the costs of the United States Marshal for per diem and special requirements; and

   That the Clerk shall retain in the Registry of the Court any surplus from the sale until further order of the Court;

9. The aforementioned costs will be determined, after confirmation of sale, pursuant to the procedures described in Rule 54.1 of the Local Rules of the United States District Court for the District of Nebraska; and

10. Upon confirmation by the Court of the sale of the aforementioned real estate, the United States Marshal shall execute a deed to the purchaser(s); and the parties of this Decree and Order and all persons claiming under them are ordered to deliver possession of the real estate to such purchaser(s).

Dated this 18th day of September, 2007.

   BY THE COURT:

   s/Laurie Smith Camp
   United States District Judge